Wayne BROWN and Dianna Brown,
d/b/a Sky High Crane Rental, Inc.,
Plaintiffs-Respondents-Cross-Appellants,

v.

SANDEEN AGENCY, INC., Defendant-Third-Party
Plaintiff-Appellant-Cross-Respondent,

TRI-STATE INSURANCE COMPANY OF MINNESOTA,
d/b/a Berkley Risk Administrators Company,
LLC, Defendant-Respondent-Cross-Respondent,

STATE AUTO INSURANCE COMPANY OF WISCONSIN,
Intervening Defendant,

v.

Bill BROWN, Third-Party Defendant.

Court of Appeals

*No. 2008AP464. Submitted on briefs November 18, 2008.
—Decided December 23, 2008.*

2009 WI App 11

(Also reported in 762 N.W.2d 850.)

255

On behalf of the defendant-third-party plaintiff-appellant-cross-respondent, the cause was submitted on the briefs of *Rolf E. Sonnesyn* and *Matthew R. Smith* of *Tomsche, Sonnesyn & Tomsche, P.A.* of Minneapolis, MN.

On behalf of the plaintiffs-respondents-cross-appellants, the cause was submitted on the briefs of *Patrick T. Tierney, Esq.* of *Collins, Buckley, Sauntry & Haugh, P.L.L.P.,* of St. Paul, Minnesota.

On behalf of the defendant-respondent-cross-respondent, the cause was submitted on the brief of *Susan D. Thurmer* and *Tamara L. Novotny* of *Cousineau McGuire Chartered,* of Minneapolis, Minnesota.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. HOOVER, P.J. Sandeen Agency, Inc., appeals an order granting summary judgment to Tri-State Insurance Company of Minnesota. Sandeen argues the circuit court erroneously concluded Tri-State was not obligated to pay a Minnesota worker's compensation

claim under a policy issued to Wayne and Dianna Brown, d/b/a Sky High Crane Rental, Inc. (collectively, "Sky High"). Sandeen further alleges the court erroneously determined Sandeen was not Tri-State's agent. Sky High cross-appeals, also arguing the worker's compensation claim is covered under the policy, and challenging the part of the order denying its motion for summary judgment. The court concluded genuine issues of material fact existed with regard to Sandeen's negligence in procuring insurance for Sky High, and Sky High argues that Sandeen was negligent as a matter of law. We affirm the order.

## Background

¶ 2. Sky High is a business based in Hudson, Wisconsin. However, eighty to ninety percent of its business is conducted in Minnesota. Sky High contacted Sandeen to obtain worker's compensation insurance. Sandeen employee Mary Fehr helped Sky High complete an application to submit to the Wisconsin Worker's Compensation Insurance Pool. The Pool is a mandatory risk-sharing plan, *see* WIS. STAT. § 619.01,[1] and it exists to help insure companies unable to obtain insurance in the voluntary market.

¶ 3. To obtain coverage from the Pool, an employer submits an application to the Pool, which then assigns a participating insurance company to write the policy. Thus, when Sky High submitted its application in 2003, the Pool assigned Tri-State as the insurer.

¶ 4. In January 2005, Sky High employee Mathew Olson, who lives in Minnesota, broke his leg on a job site in Minnesota. Sky High filed its initial injury report

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

in Wisconsin. Tri-State accepted the claim, ultimately paying approximately $90,000 in benefits despite internally questioning Olson's eligibility. Olson was medically cleared to return to work without restriction in October 2005.

¶ 5. Olson returned to work with a different company but experienced continuing physical difficulty. In December 2005, Olson requested temporary total disability benefits in Minnesota, which Tri-State denied because it wrote the policy for Wisconsin only and had already paid Wisconsin benefits. Olson did not directly challenge Tri-State's rejection but instead filed a worker's compensation claim against Sky High in Minnesota. Tri-State, which was also named in that action, sought to be dismissed. None of the parties objected and the court granted Tri-State's motion. The Minnesota judge ultimately determined Olson was entitled to Minnesota benefits. Sky High then commenced the underlying action in Wisconsin against Tri-State and Sandeen, alleging Tri-State breached its insurance contract, Sandeen negligently failed to procure all necessary insurance coverage that Sky High had requested, and Tri-State was vicariously liable for Sandeen's negligence.

¶ 6. Tri-State moved for summary judgment, arguing it had not breached the contract and Sandeen was not its agent. Sky High filed a cross-motion for partial summary judgment, arguing Tri-State's policy covered worker's compensation claims brought in Minnesota and if the policy did not provide such coverage, then Sandeen was negligent as a matter of law. The circuit court concluded Tri-State was entitled to summary judgment on the contract and agency questions. It denied Sky High's motion for summary judgment on

Sandeen's negligence, concluding genuine issues of material fact existed regarding Sandeen's duty.[2]

## Discussion

¶ 7. We review summary judgments de novo, using the same methodology as the circuit court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 14–15, 401 N.W.2d 816 (1987). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Wis. Stat. § 802.08(2).

### I. Whether the Tri-State Policy Covers Olson's Minnesota Claim

¶ 8. Interpretation of an insurance contract is a question of law we review de novo. *Liebovich v. Minnesota Ins. Co.*, 2008 WI 75, ¶ 17, 310 Wis. 2d 751, 751 N.W.2d 764. An insurance policy should be interpreted to comport with the understanding of a reasonable insured. *See id.* However, if the policy is unambiguous and plain on its face, "the policy should not be rewritten . . . to bind the insurer to a risk it was unwilling to cover, and for which it was not paid." *Id.* (quoting *Garriguenc v. Love*, 67 Wis. 2d 130, 135, 226 N.W.2d 414 (1975)).

¶ 9. A claimant bears the initial burden of proving his or her loss falls within a policy's broad grant of coverage. *Kozlik v. Gulf Ins. Co.*, 2003 WI App 251, ¶ 8, 268 Wis. 2d 491, 673 N.W.2d 343. If a claimant fulfills

---

[2] Further proceedings were stayed pending appeal.

this burden, then the burden shifts to the insurer to prove an exclusion precludes coverage. *Id.*

¶ 10. Sandeen and Sky High assert the insurance policy obligates Tri-State to pay Wisconsin worker's compensation benefits to an employee of a Wisconsin employer regardless of where an injury occurs or where the claim is filed. Tri-State asserts it pays benefits only for claims filed in accordance with Wisconsin law, and Olson's claim was denied not because of where the injury occurred but because he sought benefits payable under Minnesota law. We conclude the policy is clear on its face and applies only to claims brought under Wisconsin law for Wisconsin benefits.

¶ 11. Part One of the policy states the policy "applies to bodily injury by accident . . . . We will pay promptly when due the benefits required of you by the workers' compensation law." "Workers' Compensation Law" is defined as the law "of each state or territory named in Item 3.A. of the Information Page." The information page states: "Workers' Compensation Insurance: Part One of the policy applies to the Workers' Compensation Law of the states listed here: **WI.**"[3]

¶ 12. Tri-State asserts it denied Olson's claim based on this language because he was seeking benefits under Minnesota law. Sandeen argues Tri-State artificially labels the benefits as "Minnesota benefits," because the policy simply covers bodily injury in accord with Wisconsin's worker's compensation law. Sky High argues that to avoid paying Wisconsin benefits for a Minnesota injury, Minnesota had to be a state excluded in the policy and Sky High had to have a Minnesota worker's compensation policy in force.

---

[3] An endorsement then specifies the "Law" referred to as WIS. STAT. ch. 102.

¶ 13. The policy language is clear.[4] Tri-State will pay benefits due under Wisconsin law. Here, Olson was, in fact, paid benefits under Wisconsin law, and those benefits were then terminated under Wisconsin law. Neither Sandeen nor Sky High argues to the contrary. But Olson then sought additional benefits payable under Minnesota law; he did not seek to have his Wisconsin determination reopened and, in fact, did not even challenge Tri-State directly when it denied his second claim. The policy is devoid of any language granting coverage for benefits under Minnesota law.

¶ 14. Sandeen and Sky High's interpretation of the policy is unreasonable. In fact, if we followed their interpretation, we would turn the insurance Pool on its head. Sandeen and Sky High's interpretations amount to coverage for an employee's injury occurring in any state and a claim filed in any state. It is unreasonable to conclude this is a nationwide policy because it is meant to fulfill obligations under Wisconsin law only.

¶ 15. Further, all evidence about the Pool structure suggests Tri-State's interpretation is correct. The Pool was created so that employers with Wisconsin operations could obtain worker's compensation insurance to satisfy Wisconsin law. Employers operating in other states who need insurance in those states are required to obtain it elsewhere:

> The Pool policy provides coverage only to employers having operations in Wisconsin that subjects them to the requirements of the Wisconsin law. If the employer begins work in any state other than Wisconsin, they must obtain insurance coverage in that state. The Wisconsin Pool policy will not satisfy the worker's compensation requirements in any other state.

---

[4] In fact, Sky High does everything but address the language directly.

WISCONSIN WORKER'S COMPENSATION INSURANCE POOL [HANDBOOK] 7 (eff. Sept. 1, 2000).[5]

¶ 16. Coverage for all risks is not automatic; coverage for risks in other states must be applied for with a separate application form. *Id.* at 29. This "Other States Coverage" is meant as "limited, temporary coverage for Wisconsin employers for injury to an employee who regularly works in Wisconsin, but just happens to be in another state at the time the compensable injury occurs, and elects coverage in the other state." *Id.* Significantly, "Other States Coverage" is not meant to apply to employers with operations in any state where the employer is required to have a worker's compensation policy.[6] *Id.*

¶ 17. Because participation in the Pool is mandatory for companies writing worker's compensation policies in Wisconsin, and the Pool has a specific set of guidelines, we cannot interpret the unambiguous policy as Sandeen and Sky High submit. To do so would most certainly bind Tri-State to cover risks for which it has not been compensated.[7] That we will not do.

---

[5] The current version of the handbook, which was effective September 1, 2008, is available at https://www.wcrb.org/WCRB/Manuals/PoolHandbook/POOL_HANDBOOK.pdf. Any changes between versions are inconsequential to our analysis.

[6] MINNESOTA STAT. § 176.181 (2007) appears to impose such a requirement.

[7] Sky High thinks it significant that the premium Tri-State charged was based on Sky High's entire payroll, which included payments for jobs completed in Minnesota. However, Sky High points to no language equating "premium calculation" with "broad grant of coverage." The basis for the premium is irrelevant. Further, to the extent that Fehr represented there was

## II. Whether Sandeen was Tri-State's Agent

¶ 18. Sandeen argues it was Tri-State's agent as a matter of law, or that agency should at least be a question for the jury, and the court erred in concluding otherwise.[8] An agency relationship requires the "manifestation of one party that the other party shall act for him." *Boehck Constr. Equip. Corp. v. Voigt*, 17 Wis. 2d 62, 68, 115 N.W.2d 627 (1962). Whether agency exists is a legal concept based upon particular facts. *Cochran v. Allyn*, 16 Wis. 2d 20, 23, 113 N.W.2d 538 (1962). Whether the facts fulfill the legal standard is a question of law. *B.C. Ziegler & Co. v. Ehren*, 141 Wis. 2d 19, 26, 414 N.W.2d 48 (Ct. App. 1987).

¶ 19. A person who "[s]olicits, negotiates or places insurance or annuities on behalf of an insurer or a person seeking insurance or annuities" or who "[a]dvises other persons about insurance needs and coverages" is an insurance marketing "intermediary." WIS. STAT. § 628.02(1)(a). An insurance broker is an intermediary who "acts in the procuring of insurance on behalf of an applicant for insurance or an insured, and does not act on behalf of the insurer except by collecting premiums or performing other ministerial acts" while an insurance agent is an intermediary who "acts as an intermediary other than as a broker." WIS. STAT. § 628.02(3)-(4). In short, a broker acts as a middleman while an agent represents an insurer for whom the

---

coverage in Minnesota, that discussion goes to Sandeen's negligence, not the policy's interpretation.

[8] This is evidently because Sky High raised a theory of vicarious liability. Before Tri-State can be liable for Sandeen's negligence, if there is any, there must be some relationship giving rise to vicarious liability.

agent works. *Production Credit Ass'n v. Gorton Farms*, 216 Wis. 2d 1, 8, 573 N.W.2d 549 (Ct. App. 1997). The parties appear to agree that whether an agency relationship exists depends on whether Sandeen was a broker or an agent.

¶ 20. We are confident that Sandeen was not Tri-State's agent as a matter of law. Despite the characterization to the contrary, Fehr did not prepare an application to submit to Tri-State. She prepared an application to submit to the Pool. The Pool then assigned an insurance company from its list of participating companies. Fehr did not apply directly to Tri-State; she did not know which company would be the insurer when she submitted the application to the Pool. Further, there is no indication that Fehr or Sandeen are employed by Tri-State.

¶ 21. Moreover, the Pool handbook advises "producers," who "assist[] the employer in making application to the Pool[,]" are not agents for the insurance companies. INSURANCE POOL [HANDBOOK], *supra*, at 4. Indeed, the handbook specifically advises that a producer "ha[s] no authority from the servicing carrier or the [Pool] to bind or cancel coverage or to otherwise act within such an agency relationship." *Id.* at 8.

¶ 22. Under the Pool structure, it appears an insurance professional has no way to know which company will be asked to write a given policy. Conversely, an insurer does not know from what producer a policy will originate until the Pool assigns the client. Thus, it would be impossible for one party to manifest "that the other party shall act for him," *Boehck Construction Equipment*, 17 Wis. 2d at 68, if both parties are unknown to each other. Sandeen was thus a broker, not an agent.

## III. Whether Sandeen was Negligent as a Matter of Law

¶ 23. Sky High argues that if we determine there is no coverage for Olson's injury,[9] we should conclude Sandeen was negligent as a matter of law. But negligence is almost always inappropriate for summary judgment. *See State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 517, 383 N.W.2d 916 (Ct. App. 1986). This case is no exception.

¶ 24. Sandeen asserts it quoted premiums for Minnesota coverage, which Sky High declined because they were too expensive. Sandeen also offered an expert's affidavit that its conduct exceeded the standard of care. Sky High contends it told Fehr it had operations in Minnesota and thus requested coverage in Minnesota, and Fehr represented there would be such coverage under the Pool policy in Minnesota. In short, the facts relating to the negligence question remain in dispute and must be determined by the fact finder.

*By the Court.*—Order affirmed.

---

[9] That is, no coverage beyond the $90,000 Tri-State already paid.