# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2019AP2034 |

| | |
|---|---|
| COMPLETE TITLE: | Andrea Townsend,<br>        Plaintiff-Appellant,<br>    v.<br>ChartSwap, LLC,<br>        Defendant-Respondent-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 395 Wis. 2d 229,952 N.W.2d 831
PDC No:2021 WI App 79 - Published

| | |
|---|---|
| OPINION FILED: | November 26, 2021 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | September 29, 2021 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Paul R. Van Grunsven |

JUSTICES:

ROGGENSACK, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., REBECCA GRASSL BRADLEY, and HAGEDORN, JJ., joined, and in which ANN WALSH BRADLEY, DALLET, and KAROFSKY, JJ., joined, except for ¶¶17 and 23-26. DALLET, J., filed a concurring opinion, in which ANN WALSH BRADLEY and KAROFSKY, JJ., joined.

NOT PARTICIPATING:

ATTORNEYS:

For the defendant-respondent-petitioner, there were briefs filed by *Thomas L. Shriner, Jr., Andrew J. Wronski, Philip C. Babler, Anne-Louise T. Mittal*, and *Foley & Lardner LLP*, Milwaukee. There was an oral argument by *Thomas L. Shriner, Jr.*

For the plaintiff-appellant, there was a brief filed by *Robert J. Welcenbach* and *Welcenbach Law Offices, S.C.*, Milwaukee; with whom on the brief was *Scott C. Borison* and *Legg Law Firm LLC*, Baltimore, Maryland; with whom on the brief was *Jon Craig Jones*

and *Jones & Hill, LLC*, Oakdale, Louisiana. There was an oral argument by *Scott C. Borison*.

An amicus curiae brief was filed on behalf of Wisconsin Association for Justice by *Brett A. Eckstein* and *Cannon & Dunphy, S.C.*, Brookfield.

No. 2019AP2034
(L.C. No. 2018CV9938)

STATE OF WISCONSIN       :       IN SUPREME COURT

**Andrea Townsend,**

      **Plaintiff-Appellant,**

   **v.**

**ChartSwap, LLC,**

      **Defendant-Respondent-Petitioner.**

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

**FILED**

**NOV 26, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ROGGENSACK, J., delivered the majority opinion of the Court, in which ZIEGLER, C.J., REBECCA GRASSL BRADLEY, and HAGEDORN, JJ., joined, and in which ANN WALSH BRADLEY, DALLET, and KAROFSKY, JJ., joined, except for ¶¶17 and 23-26. DALLET, J., filed a concurring opinion, in which ANN WALSH BRADLEY and KAROFSKY, JJ., joined.

REVIEW of the decision of the Court of Appeals. *Reversed.*

¶1 PATIENCE DRAKE ROGGENSACK, J. We review the court of appeals' decision[1] reversing the circuit court's[2] dismissal of Andrea Townsend's claim against ChartSwap, LLC ("ChartSwap") for

---

[1] Townsend v. ChartSwap, LLC, 2020 WI App 79, 395 Wis. 2d 229, 952 N.W.2d 831.

[2] The Honorable Paul R. Van Grunsven of Milwaukee County Circuit Court presided.

unlawfully overcharging her for copies of her medical records in contravention of the fee restrictions set out in Wis. Stat. § 146.83(3f) (2017-18).[3]  On appeal, ChartSwap urges us to reverse the court of appeals, arguing that the statutory fee restrictions do not apply to it because it is not a health care provider, which is statutorily defined, and because principles of agency law do not impose personal liability on it for the fees it charged.

¶2   We conclude that, under a plain meaning interpretation of Wis. Stat. § 146.81(1), ChartSwap is not a health care provider; and, therefore, it is not subject to the fee restrictions in Wis. Stat. § 146.83(3f)(b), which regulate health care providers. Additionally, we conclude that neither common law principles of agency nor the plain meaning of Wis. Stat. § 990.001(9) supports the conclusion that an agent is personally liable for charging more for health care records than the statute permits its principal to charge.  Accordingly, we reverse the decision of the court of appeals.

---

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

## I. BACKGROUND

### A. Factual History[4]

¶3 On August 2, 2016, Andrea Townsend ("Townsend") was injured in a car crash. Townsend retained a law firm for her personal injuries, and the firm, with her written consent, sought certified health care records and billings from Milwaukee Radiologists, which was involved in her care.

¶4 Following her attorney's request, ChartSwap replied on behalf of Milwaukee Radiologists and provided a one page certified health care record to Townsend, for which it charged $35.87. Townsend's attorneys paid the bill. Townsend then asserted claims against ChartSwap for negligent or intentional violation of the fee structure dictated for health care providers in Wis. Stat. § 146.83(3f)(b) and a claim for unjust enrichment.[5] Townsend also

---

[4] This case presents in the context of a motion to dismiss. Therefore, facts are drawn from the complaint and taken as true and undisputed for purposes of the motion. Data Key Partners v. Permira Advisers LLC, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693.

[5] In pleading "UNJUST ENRICHMENT," Townsend incorporated by reference all allegations about ChartSwap's charging more for the copy of her medical record than Townsend asserts ChartSwap lawfully could charge under Wis. Stat. § 146.83(3f)(b). Complaint ¶60. Townsend alleged that ChartSwap knew its charges were unlawful, and that it appreciated and received a benefit of the illegal charges that was inequitable. Id., ¶¶61-63. All of her allegations require that ChartSwap's charge for medical records were controlled by § 146.83(3f)(b), were in excess of the statutorily stated charges, and therefore were unlawful. As we explain fully below, her contentions are legally incorrect.

Before us Townsend asserts, "The Complaint sets forth facts and a cause of action in which it alleges that Milwaukee Radiologists was not entitled to charge these fees, that Chart[S]wap . . . acted as the agent of Milwaukee Radiologists and

alleged that ChartSwap had collected fees as the agent for and on behalf of Milwaukee Radiologists.

### B. Procedural History

¶5 In the circuit court, ChartSwap moved to dismiss the complaint for failure to state a claim upon which relief can be granted. ChartSwap alleged that Wis. Stat. § 146.83(3f)(b) applies only to "health care providers" and that Townsend's complaint did not allege that ChartSwap was a health care provider within the statutory definition of that term. Moreover, ChartSwap, after initially disputing that it was the agent of Milwaukee Radiologists, argued that even if it were its agent, ChartSwap was not personally liable under Wisconsin common law principles of agency.

¶6 The circuit court granted ChartSwap's motion to dismiss. It relied on the plain language of Wis. Stat. § 146.83(3f)(b) to determine that the fee restrictions applied only to health care providers. Therefore, because the complaint failed to allege that ChartSwap was a health care provider, it failed to state a claim

---

that Chart[S]wap illegally charged and obtained the money knowing it was illegal and must return it." Reply Br., 34.

Townsend does not allege facts sufficient to support a claim for unjust enrichment. Rather, she simply incorporates her statutory violation claim in paragraph 60 and labels it unjust enrichment. However, the type of claim is not determined by the label a party gives to a pleading. Tikalsky v. Friedman, 2019 WI 56, ¶14, 386 Wis. 2d 757, 928 N.W.2d 502. It is the facts alleged that matter. See Green Spring Farms v. Kersten, 136 Wis. 2d 304, 315, 401 N.W. 816 (1987). Here, no facts were alleged sufficient to support a claim for unjust enrichment. See Puttkammer v. Minth, 83 Wis. 2d 686, 688-89, 266 N.W.2d 361 (1978).

4

upon which relief could be granted. Additionally, the circuit court held that, regardless of whether ChartSwap was an agent for Milwaukee Radiologists, the common law of agency in Wisconsin does not impute a principal's liability for failing to comply with § 146.83(3f)(b) to an agent. The circuit court entered judgment dismissing Townsend's complaint, and she appealed.

¶7 The court of appeals reversed, holding that, as an agent of Milwaukee Radiologists under Wis. Stat. § 990.001(9), ChartSwap was subject to the fee restrictions provided by Wis. Stat. § 146.83(3f)(b). The court of appeals held that, although § 146.83(3f)(b) applied only to health care providers, and ChartSwap was not a health care provider as defined by statute, the intent of the legislature and purpose of the statute——to "protect patients from being charged excessive fees for access to information in the custody and control of health care providers"——would be undermined if § 146.83(3f)(b) were not applied to ChartSwap. Townsend v. ChartSwap, LLC, 2020 WI App 79, ¶¶8, 9, 13, 395 Wis. 2d 229, 952 N.W.2d 831.

¶8 In so concluding, the court of appeals interpreted Wis. Stat. § 146.83(3f)(b) as follows:

> [I]n conjunction with the remedial provision set forth in Wis. Stat. § 146.84(1)(b), which explicitly imposes liability upon 'any person . . . who violates [§] 146.83,' and Wis. Stat. § 990.001(9), which expressly states that when construing legislative requirements found in all statutes, the legislature's requirements apply with equal force to the acts of agents.

Id., ¶10. The court of appeals reasoned that this conjunctive interpretation guarded against the "absurd" result of allowing

5

health care providers to charge patients "more than the reasonable copying and mailing costs if the providers hire others to perform the task of supplying the records." Id., ¶14. Therefore, the court of appeals concluded that § 146.83(3f)(b), when read together with § 146.84(1)(b) and § 990.001(9), required ChartSwap to adhere to the fee restrictions in § 146.83(3f)(b).

¶9 We granted ChartSwap's petition for review.[6] On review, we determine: (1) whether Wis. Stat. § 146.83(3f)(b) applies its fee restrictions to a person who is not within one of the statutorily-defined categories of "health care providers" and (2) whether Wis. Stat. § 990.001(9) requires that an agent be held liable for charging more for health care records than § 146.83(3f)(b) directs.

---

[6] It should be noted that, prior to this court's granting the petition for review, the United States Court of Appeals for the Seventh Circuit decided a factually and legally analogous case: Smith v. RecordQuest, LLC, 989 F.3d 513 (7th Cir. 2021). Before ultimately reversing the district court out of deference to the Wisconsin Court of Appeals' decision in the case at bar, the Seventh Circuit raised some concerns such as the common law of agency that binds a principal when its agent acts within the scope of its agency and how agency principles fit within Wis. Stat. § 990.001(9). Id. at 519. In the court's estimation, those concerns required meaningful engagement. See id. This decision will provide that engagement.

## II. DISCUSSION

### A. Standard of Review

¶10 A motion to dismiss tests the legal sufficiency of the complaint. Serv. Emps. Int'l Union, Loc. 1 v. Vos, 2020 WI 67, ¶26, 393 Wis. 2d 38, 946 N.W.2d 35. Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom. Kaloti Enters., Inc. v. Kellogg Sales Co., 2005 WI 111, ¶11, 283 Wis. 2d 555, 699 N.W.2d 205. However, a court cannot add facts in the process of construing a complaint. John Doe 1 v. Archdiocese of Milwaukee, 2005 WI 123, ¶19, 284 Wis. 2d 307, 700 N.W.2d 180. Moreover, "legal conclusions asserted in a complaint are not accepted, and legal conclusions are insufficient to withstand a motion to dismiss." Data Key Partners v. Permira Advisers LLC, 2014 WI 86, ¶18, 356 Wis. 2d 665, 849 N.W.2d 693. Therefore, our focus is on factual allegations made in the complaint. Serv. Emps. Int'l Union, Loc. 1, 393 Wis. 2d 38, ¶26. We determine whether the facts alleged state a claim for relief, which is a legal question that we review independently. Id.

¶11 Additionally, this case involves questions of statutory interpretation and application. Statutory interpretation and application present questions of law that we independently review, while benefitting from the decisions of the circuit court and the court of appeals. Marder v. Bd. of Regents of the Univ. of Wis. Sys., 2005 WI 159, ¶19, 286 Wis. 2d 252, 706 N.W.2d 110.

7

B.   Wisconsin Stat. §§ 146.83(3f)(b) and 146.84(1)(b)

¶12 The "purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect."  State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation begins with the language of the statute.  If the meaning of the words are plain and unambiguous, a court's inquiry ends and there is no need to consult extrinsic sources of interpretation, such as legislative history.  Id., ¶¶45, 46. Statutory language is given its "common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning."  Id., ¶45 (citing Bruno v. Milwaukee Cnty., 2003 WI 28, ¶¶8, 20, 260 Wis. 2d 633, 660 N.W.2d 656).

¶13  In addition to the plain words of the text, "[c]ontext is important to meaning.  So, too, is the structure of the statute in which the operative language appears."  Kalal, 271 Wis. 2d 633, ¶46.  Therefore, "statutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results . . . [and] read where possible to give reasonable effect to every word, in order to avoid surplusage."  Id.  When courts interpret a statute, they are not at liberty "to disregard the plain, clear words of the statute."  Id.

¶14 Turning to the statute at issue, Wis. Stat. § 146.83(3f)(b), it provides that when fulfilling a request by a

8

person for medical records, a health care provider may charge no more than the total of all of the following that apply:

1. For paper copies: $1 per page for the first 25 pages; 75 cents per page for pages 26 to 50; 50 cents per page for pages 51 to 100; and 30 cents per page for pages 101 and above.

2. For microfiche or microfilm copies, $1.50 per page.

3. For a print of an X-ray, $10 per image.

4. If the requester is not the patient or a person authorized by the patient, for certification of copies, a single $8 charge.

5. If the requester is not the patient or a person authorized by the patient, a single retrieval fee of $20 for all copies requested.

6. Actual shipping costs and any applicable taxes.

§ 146.83(3f)(b). By the terms of the statute itself, these restrictions apply only to health care providers, a term which is defined in an adjacent statutory provision. See Wis. Stat. § 146.81(1).[7] Here, neither the parties nor the court of appeals contend that ChartSwap is a health care provider, as defined by § 146.81(1).[8]

¶15 Instead, in order to hold ChartSwap liable, despite not being defined as a health care provider, the court of appeals cited a third statutory section, Wis. Stat. § 146.84(1)(b), which

---

[7] See Wis. Stat. § 146.81(1) ("'Health care provider' means any of the following: (a) A nurse licensed under ch. 441. (b) A chiropractor licensed under ch. 446. (c) A dentist licensed under ch. 447. . . . . (s) An emergency medical responder, as defined in [§ ] 256.01(4p).").

[8] See Townsend, 395 Wis. 2d 229, ¶8.

9

imposes "liability upon 'any person . . . who violates [Wis. Stat. §] 146.83.'" Townsend, 395 Wis. 2d 229, ¶10. The court of appeals reasoned that, rather than focusing on a definition of "health care provider," the context and structure of the statute, as well as the legislature's decision to impose liability on "any person," should control whether ChartSwap is liable for charging more than § 146.83(3f)(b) permits. Id.

¶16 We agree that the context of a statutory scheme is important to the plain meaning of the text. Statutes are to be construed and harmonized with one another when possible. Pruitt v. State, 16 Wis. 2d 169, 173, 114 N.W.2d 148 (1962). Here, there are two statutes that speak to providing health care records under Wis. Stat. § 146.83(3f)(b): Wis. Stat. § 146.84(1)(b) and § 146.83(3f)(b). Section 146.84(1)(b) provides that "[a]ny person" may be held liable for knowingly and willfully violating the provisions of § 146.83. However, the text of § 146.83(3f)(b) regulates only those charges made by health care providers. Therefore, if a health care provider charged more than the fees permissible under § 146.83(3f)(b), it would fall within the parameters of both § 146.84(1)(b) and § 146.83(3f)(b). Because ChartSwap is not a health care provider, its provision of health care records does not satisfy both statutes.

¶17 Stated otherwise, Wis. Stat. § 146.83(3f)(b) regulates charges that a health care provider may require for health care records, and Wis. Stat. § 146.84(1)(b) refers back to § 146.83, generally, with a directive to "any person" that damages may follow if the provisions of § 146.83 are not followed. Section

146.83(3f)(b) is the more specific of the two statutes in regard to charges for health care records.  However, the court of appeals concluded that § 146.84 directed its decision, rather than relying on the plain meaning of § 146.83(3f)(b).  Townsend, 395 Wis. 2d 229, ¶10.  We come to a different conclusion based on the plain meaning of § 146.83(3f)(b).  Our conclusion also is supported by a canon of statutory interpretation, whose potential application is explained more fully below.

¶18 Furthermore, although the text of Wis. Stat. § 146.84(1)(b) refers to "any person," it is not an enforcement mechanism solely for Wis. Stat. § 146.83.  It also relates to violations of other statutes.  For example, § 146.84(1)(b) applies to Wis. Stat. § 146.82(1), which provides that "All patient health care records shall remain confidential."  Section 146.82(1) is not at issue in this matter.

¶19  In addition, limiting the fee restrictions in Wis. Stat. § 146.83(3f)(b) to statutorily-defined health care providers does not create absurd results.  In her brief, Townsend invited this court to consider the following scenarios:  under the definitional limitation, if a patient were to request health care records from a hospital and the hospital supplied the records itself, the patient would not be charged extra fees.  However, if the hospital outsourced responding to the request for health care records, such as occurred with ChartSwap, the patient would be charged an extra fee.  Townsend's juxtaposition purports to show the absurdity and unfairness of the situation, as well as a potential loophole for

11

health care providers. However, her scenarios are not persuasive for at least two reasons.

¶20 First, it is not absurd for the legislature to make policy decisions regarding the applicability of statutes to different constituents. At some point, there will be a cutoff. This is a policy choice that legislatures frequently make, and policy choices are left to legislative discretion. See Milwaukee J. Sentinel v. City of Milwaukee, 2012 WI 65, ¶37, 341 Wis. 2d 607, 815 N.W.2d 367 ("Policy decisions are left to the legislature."); Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718, 1725 (2017) ("Legislation is, after all, the art of compromise, the limitations expressed in statutory terms often the price of passage . . . .").

¶21 Second, the perceived unfairness of Townsend's scenarios likely have another remedy, which was raised at oral argument. In this case, Townsend asserted that ChartSwap was the agent of Milwaukee Radiologists.[9] Milwaukee Radiologists is a health care provider under the statutory definition. Therefore, if Chartswap was the agent of Milwaukee Radiologists when it provided Townsend's health care records, as has been alleged, Chartswap's actions are Milwaukee Radiologists' actions. See Restatement (Third) of

---

[9] Agency is a common law concept based upon certain factual situations. Cochran v. Allyn, 16 Wis. 2d 20, 23, 113 N.W.2d 538 (1962). However, whether the facts fulfill the legal standard for agency is a question of law. Brown v. Sandeen Agency, Inc., 2009 WI App 11, ¶18, 316 Wis. 2d 253, 762 N.W.2d 850 (citing B.C. Ziegler & Co. v. Ehren, 141 Wis. 2d 19, 26, 414 N.W.2d 48 (Ct. App. 1987)).

12

Agency § 7.03(1) (2006) (explaining that a principal is subject to liability to a third party when its agent acts with authority and in contravention of the principal's legal obligation). However, whether an agency relationship existed between Milwaukee Radiologists and ChartSwap is not an issue that was presented to us for decision as we review ChartSwap's motion to dismiss; and accordingly, we do not decide it.

¶22 Finally, it bears repeating that statutory interpretation begins with the language of the statute. If the meaning of the words are plain and unambiguous, the court's inquiry ends, and there is no need to consult extrinsic sources of interpretation, such as legislative history. Kalal, 271 Wis. 2d 633, ¶¶45, 46.

¶23 The court of appeals struggled with interpreting two statutes that address the same subject matter, charging for health care records. Wisconsin Stat. § 146.84(1)(b) provides a general prohibition to "any person" in regard to those charges and Wis. Stat. § 146.83(3f)(b) provides a prohibition limited to a "health care provider." The court of appeals' efforts at reconciling the two statutes relied heavily on its perception of legislative "intent" and the "purpose" of Wis. Stat. § 146.83(3f)(b) to conclude that § 146.83(3f)(b)'s fee restrictions applied to ChartSwap.

¶24 Even after acknowledging that ChartSwap is not a health care provider under Wis. Stat. § 146.81(1)'s definition, see Townsend, 395 Wis. 2d 229, ¶8, the court of appeals reasoned that the "intent of the legislature was to ensure that patients have

13

access to medical records in the custody and control of health care providers without being charged more than the reasonable costs of copying and mailing them." Id., ¶14. The court of appeals reliance on its perception of legislative intent when construing a statute is misplaced, as we have explained. State v. Fitzgerald, 2019 WI 69, ¶30, 387 Wis. 2d 384, 929 N.W.2d 165 ("[R]ather, we interpret the words the legislature actually enacted into law.").

¶25 If the court of appeals had employed the general/specific canon of statutory construction, it could have assisted its interpretations of Wis. Stat. § 146.84(1)(b) and Wis. Stat. § 146.83(3f)(b). To explain further, although the "general/specific canon is perhaps most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition[,]. . . [it] has full application as well to statutes such as the one here, in which a general authorization and a more limited, specific authorization exist side-by-side." RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 566 U.S. 639, 645 (2012) (emphasis added). As Justice Scalia explained, "There the canon avoids not contradiction but the superfluity of a specific provision that is swallowed by the general one, 'violating the cardinal rule that, if possible, effect shall be given to every clause and part of a statute.'" Id. (citing D. Ginsburg & Sons v. Popkin, 285 U.S. 204, 208 (1932) (explaining that "[s]pecific terms prevail over the general in the same or another statute which otherwise might be controlling.")).

¶26 Applying the general/specific canon here would have assisted the court of appeals in understanding that when the

14

wording of a general statute swallows the application of a specific statute, the "terms of the specific authorization[, Wis. Stat. § 146.83(3f)(b),] must be complied with." RadLAX Gateway Hotel LLC, 566 U.S. at 645. Therefore, once the court of appeals acknowledged that ChartSwap was not a statutorily-defined health care provider, at which § 146.83(3f)(b) is directed, the court of appeals' inquiry in regard to ChartSwap should have stopped. Instead, its decision misconstrued § 147.83(3f)(b), whose plain meaning applies only to health care providers.

C. Wisconsin Stat. § 990.001(9)

¶27 The court of appeals also concluded that, even if ChartSwap was not included in the statutorily-defined list of health care providers, ChartSwap was nevertheless personally liable to Townsend for extra charges under principles of agency law that the court of appeals concluded were codified in Wis. Stat. § 990.001(9). Townsend, 395 Wis. 2d 229, ¶¶10-13.

¶28 Wisconsin Stat. ch. 990 provides canons of construction that shall be observed when construing or interpreting Wisconsin statutes. See Wis. Stat. § 990.001. Subsection (9) provides:

> Acts by agents. If a statute requires an act to be done which may legally be done by an agent, such requirement includes all such acts when done by an authorized agent.

§ 990.001(9). The court of appeals interpreted § 990.001(9) to mean that if a statute requires a certain action, the requirement to comply with the statute applies "with equal force" to a principal's agent. Townsend, 395 Wis. 2d 229, ¶10. Consequently, the court of appeals reasoned that because ChartSwap was fulfilling

15

a request made of Milwaukee Radiologists, the fee restrictions on Milwaukee Radiologists applied equally to ChartSwap.

¶29 The court of appeals' interpretation of Wis. Stat. § 990.001(9) misperceives Wisconsin common law principles of agency. The court of appeals' interpretation is also in conflict with the plain meaning of § 990.001(9).

¶30 "[A]n agent is one who acts on behalf of and is subject to reasonably precise control by the principal for the tasks the person performs within the scope of the agency." Westmas v. Creekside Tree Serv., Inc., 2018 WI 12, ¶36, 379 Wis. 2d 471, 907 N.W.2d 68. "Whether an agency relationship exists is a question of fact that turns on the understanding between the alleged principal and the alleged agent of the relationship." DOR v. Microsoft Corp., 2019 WI App 62, ¶46, 389 Wis. 2d 350, 936 N.W.2d 160 (citing Noll v. Dimiceli's, Inc., 115 Wis. 2d 641, 643, 340 N.W.2d 575 (Ct. App. 1983)).

¶31 Townsend seeks to hold ChartSwap liable because of the fees it charged for health care records that were generated by Milwaukee Radiologists, a health care provider. However, an agent is subject to "liability to a third party harmed by the agent's conduct only when the agent's conduct breaches a duty that the agent [itself] owes to the third party." Restatement (Third) of Agency § 7.02. Stated otherwise, in order for an agent to be held liable for a statutory violation committed while acting on behalf of a principal, that same conduct also would need to violate the statute if done in the agent's personal capacity. However, no breach of an independent duty of ChartSwap to Townsend is alleged

16

to have occurred. Rather, a breach of Milwaukee Radiologists' statutory duty to Townsend is alleged.

¶32 Under a plain reading of Wis. Stat. § 990.001(9), the statute simply affirms the common law principle that an agent may fulfill a principal's statutory duty because, in the eyes of the law, the agent's actions are the principal's actions. Not only did the Seventh Circuit come to a similar conclusion in its recent interpretation of § 990.001(9), see Smith v. RecordQuest, LLC, 989 F.3d 513, 519 (7th Cir. 2021), but Wisconsin case law confirms this understanding.

¶33 In Rosecky v. Tomaszewski, 225 Wis. 438, 274 N.W. 259 (1937), a lender told a debtor to make payments on a mortgage to an agent that the principal had authorized. Id. at 439. Subsequently, the lender assigned the mortgage to a third party. Id. However, the debtor was never notified of this change and continued to pay the agent, who embezzled the funds. Id.

¶34 The assignee sued the debtor and the dispositive issue was whether the debtor should be credited with the payments made to the agent after the assignment. Id. In interpreting the predecessor statute to Wis. Stat. § 990.001(9), we held that the debtor was due credit for the payments made to the agent because the principal established the agency and "the act of an authorized agent is the act of the principal." Id. at 442.

¶35 Furthermore, a plain meaning interpretation of Wis. Stat. § 990.001(9) provides that if a principal is required by statute to do an act and that act may be done legally by an agent, the statutory requirement of the principal to act includes all

17

acts that were done by the principal's authorized agent. It says not one word about making the agent personally liable for acts taken upon authorization of the principal. It simply states the common law of agency that an act done by an authorized agent is the act of the principal.

¶36 Accordingly, we conclude that the plain meaning interpretation of Wis. Stat. § 990.001(9) embodies the fundamental common law principle that an agent's actions are the principal's actions for purposes of fulfilling a principal's statutory duty. Subsection 990.001(9) imposes no personal liability on an agent for authorized acts taken on behalf of its principal.

### III. CONCLUSION

¶37 We conclude that, under a plain meaning interpretation of Wis. Stat. § 146.81(1), ChartSwap is not a health care provider; and, therefore, it is not subject to the fee restrictions in Wis. Stat. § 146.83(3f)(b), which regulate health care providers. Additionally, we conclude that neither common law principles of agency nor the plain meaning of Wis. Stat. § 990.001(9) supports the conclusion that an agent is personally liable for charging more for health care records than the statute permits its principal to charge. Accordingly, we reverse the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

¶38 REBECCA FRANK DALLET, J. (*concurring*). Although the substantive canons of statutory interpretation may sometimes be helpful in determining what the legislature meant to say, here they only confuse the analysis. The statutes at issue are straightforward, and understanding them requires no outside interpretive help. I agree with the majority opinion that Wis. Stat. § 146.83(3f)(b), by its plain meaning, does not apply to ChartSwap. As the majority opinion acknowledges, that should end the analysis. Instead, it muddies the waters by attempting to apply an inapposite canon of construction. I therefore respectfully concur.[1]

¶39 The general-specific canon applies only to statutes that both address the same subject matter and conflict with one another such that harmonizing them is impossible. See Kramer v. City of Hayward, 57 Wis. 2d 302, 310-11, 203 N.W.2d 871 (1973); see also Antonin Scalia & Bryan A. Garner, Reading Law 183 (2012) (explaining that the general-specific canon may apply only when conflicting provisions "simply cannot be reconciled——when the attribution of no permissible meaning can eliminate the conflict"). Neither condition is met here. Wisconsin Stat. §§ 146.83(3f)(b) and 146.84(1)(b) address different subject matters and are not in conflict. The former regulates how much a health care provider can charge a patient for a copy of her medical records; the latter simply provides the penalty for violating the former. See majority op., ¶18. Thus, the general-specific canon does not apply.

---

[1] I join all parts of the majority opinion except for ¶¶17 and 23-26.

1

¶40 This case is prime example of how foisting the canons upon an otherwise straightforward, well-reasoned, and convincing textual analysis is unnecessary——and ultimately confusing. Even if the majority opinion is correct that the general-specific canon applies when a general "authorization" "swallows" a specific authorization, see id., ¶¶25-26, the majority opinion fails to explain how this is such a situation. It offers no explanation for how §§ 146.83(3f)(b) and 146.84(1)(b) are "authorizations" or for how one swallows the other. Indeed, the majority opinion's conclusion that the general-specific canon would have "assisted" the court of appeals' analysis is a non sequitur: How could the canon "assist" the court of appeals if it does not even apply? All of this confusion could easily be avoided by simply reading and applying the statutory text. Because the majority opinion instead shoehorns an inapplicable canon into its analysis, I respectfully concur.

¶41 I am authorized to state that Justices ANN WALSH BRADLEY and JILL J. KAROFSKY join this opinion.