COURT OF APPEALS
DECISION
DATED AND FILED

July 6, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP352**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV112

IN COURT OF APPEALS
DISTRICT III

RICHARD BLOSS,

    PLAINTIFF-APPELLANT,

  V.

ST. LUKE'S HOSPITAL OF DULUTH,

    DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Ashland County: KELLY J. McKNIGHT, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Richard Bloss appeals a circuit court order dismissing his class action complaint against St. Luke's Hospital of Duluth

(SLHD) for failure to state an actionable claim. The court concluded that Bloss's complaint failed to sufficiently plead facts that, if true, would entitle him to relief under WIS. STAT. § 146.84(1) (2021-22).[1] Specifically, the court concluded that Bloss failed to sufficiently state facts to allege that SLHD is a "health care provider" subject to that statute.

¶2      On appeal, Bloss contends that his complaint contained sufficient facts to allege that SLHD is a "rural medical center" and therefore a "health care provider." Alternatively, he argues that the circuit court should have granted him leave to amend his complaint. We conclude that Bloss failed to state sufficient facts to overcome SLHD's motion to dismiss for failure to state a claim upon which relief could be granted. We also conclude that if the court erroneously exercised its discretion by failing to grant Bloss leave to file an amended complaint, such error was harmless. We therefore affirm the court's order.

## BACKGROUND

¶3      Bloss filed a class action lawsuit against SLHD, a Minnesota-based corporation, alleging multiple statutory and common law claims, all of which were related to SLHD's alleged violations of Wisconsin's patient health care records

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

laws.[2]  According to the complaint, Bloss's attorneys sought certified health care records from SLHD's Chequamegon Clinic and provided Bloss's written consent. In response, SLHD purportedly charged more than is statutorily prescribed for health care records, contrary to WIS. STAT. § 146.83(3f)(b).

¶4      SLHD filed a motion to dismiss Bloss's complaint for failure to state a claim upon which relief could be granted.  SLHD argued, among other things, that Bloss's complaint failed to allege that SLHD is a health care provider subject to Wisconsin's patient health care records laws.

¶5      Following briefing and a motion hearing, the circuit court granted SLHD's motion and dismissed Bloss's complaint in its entirety and without prejudice.[3]  The court agreed with SLHD's argument that Bloss's complaint failed to sufficiently allege that SLHD is a health care provider.

¶6      Bloss now appeals.  Additional facts will be provided below as necessary.

---

[2] In addition to alleging two causes of action for violations of Wisconsin's patient health care records laws under WIS. STAT. § 146.84(1), Bloss's complaint alleged two common law claims (unjust enrichment and conversion) as well as a claim for fraudulent misrepresentation under WIS. STAT. § 100.18.  On appeal, Bloss argues that the circuit court erred by dismissing his claims on the grounds that his complaint did not allege sufficient facts to show that SLHD is a health care provider as defined under Wisconsin law.  Bloss does not separately challenge the dismissal of his common law claims or his statutory misrepresentation claim on any other grounds, and instead he solely addresses the issues surrounding Wisconsin's patient health care records laws.  We will therefore address the dismissal of all of Bloss's claims as an issue of whether the court properly determined that the facts alleged in Bloss's complaint did not sufficiently establish that SLHD is a health care provider.  In other words, we will assume without deciding that all of Bloss's claims hinge on the question of whether his complaint sufficiently alleged claims under § 146.84(1), and we deem any other claims abandoned on appeal.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998).

[3] SLHD concedes that the circuit court's dismissal was without prejudice.

**DISCUSSION**

¶7 A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶19, 356 Wis. 2d 665, 849 N.W.2d 693. To survive a motion to dismiss, a complaint must include, among other things, "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief." *See* WIS. STAT. § 802.02(1)(a).

¶8 The applicable standard applied to a motion to dismiss for failure to state a claim is well settled:

> Upon a motion to dismiss, we accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom. However, a court cannot add facts in the process of construing a complaint. Furthermore, legal conclusions stated in the complaint are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss.

*Data Key Partners*, 356 Wis. 2d 665, ¶19 (citations omitted). "Plaintiffs must allege facts that, if true, plausibly suggest a violation of applicable law." *Id.*, ¶21. Courts are to construe all pleadings liberally so "as to do substantial justice." WIS. STAT. § 802.02(6). We independently review whether a complaint states a claim upon which relief can be granted. *Data Key Partners*, 356 Wis. 2d 665, ¶17.

¶9 Subject to exceptions not relevant to this appeal, "if a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees … the *health care provider* shall provide the person making the request copies of the requested records." WIS. STAT. § 146.83(3f)(a).

(emphasis added). Section 146.83(3f)(b) outlines the maximum fees that may be charged by the health care provider for such records.

¶10    WISCONSIN STAT. § 146.81(1) defines "health care provider" by providing an exhaustive list of specific types of entities and persons. *See Townsend v. ChartSwap, LLC*, 2021 WI 86, ¶14, 399 Wis. 2d 599, 967 N.W.2d 21 (defendant was not a health care provider because it did not fall under § 146.81(1)). As relevant here, the term "health care provider" means "[a] rural medical center."[4] Sec. 146.81(1)(p). In turn, a

> "[r]ural medical center" means an arrangement of facilities, equipment, services and personnel that is all of the following:
>
> (a) Organized under a single governing and corporate structure.
>
> (b) Capable of providing or assuring health care services, including appropriate referral, treatment and follow-up services, at one or more locations in a county, city, town or village that has a population of less than 15,000 and that is in an area that is not an urbanized area, as defined by the federal bureau of the census.
>
> (c) A provider of at least 2 health care services under the arrangement or through a related corporate entity.

WIS. STAT. § 50.50(11).

---

[4] At the circuit court level, Bloss argued that SLHD is a "health care provider" because it also qualifies as "[a] corporation or limited liability company of any providers specified under [WIS. STAT. § 146.81(1)(a)-(hp)] that provides health care services" and as "[a]n inpatient health care facility, as defined in [WIS. STAT. §] 50.135 (1)." *See* § 146.81(1)(j), (m). Because Bloss does not renew these arguments on appeal, we will not address § 146.81(1)(j) or (m) further.

¶11    Bloss's complaint contained the following relevant assertions:

> 2. [SLHD] is a corporation … that has acted and acts as a "health care provider" as that term is contemplated by WIS. STAT. § 146.81(1).
>
> 3. [SLHD] is a network of clinics and hospitals serving more numerous locations throughout Wisconsin.
>
>   ….
>
> 36. That on or about September 13, 2018, [Bloss's] attorneys wrote and requested certified health care medical records from [SLHD's] Chequamegon Clinic and provided a written consent … signed by [Bloss].
>
>   ….
>
> 41. [SLHD] knew it was illegal to charge [certain fees] to [Bloss] contrary to WIS. STAT. § 146.83 to obtain his certified health care records when a third party was authorized in writing to obtain the records.
>
> 42. [SLHD] charged [certain fees] in violation of WIS. [STAT. §]§ 146.83 and 146.84.
>
> 43. [SLHD has] knowingly and willfully charged these illegal fees contrary to the statute.

Paragraphs 37 and 39 of the complaint also referenced an attached exhibit of a record request invoice that SLHD sent to Bloss.  The invoice included a notice informing Bloss that "[t]hese charges have been set in accordance with [a Minnesota statute], the maximum fee a *health care provider* may charge for providing copies."  (Emphasis added.)

¶12    The circuit court concluded that paragraph 2 in Bloss's complaint was a legal conclusion, not a factual allegation.  The court stated that it did "not assume that [Bloss's] allegation in paragraph 2 [was] true and [did] not consider it for purposes of this motion to dismiss."  The court then concluded that Bloss's complaint failed to state sufficient facts to allege that SLHD meets the

requirements of WIS. STAT. § 50.50(11)(b). That is, Bloss did not state facts alleging that SLHD provides "health care services … at one or more locations in a county, city, town or village that has a population of less than 15,000 and that is in an area that is not an urbanized area." *See* § 50.50(11)(b). Regarding additional information provided by Bloss in his response to SLHD's motion to dismiss, the court stated that Bloss "asks this [c]ourt to go outside the complaint to find facts … which is not the process for deciding a motion to dismiss." The court did not address the remaining two requirements under § 50.50(11)(a) and (c).

¶13 Like the circuit court, we conclude that paragraph 2 in Bloss's complaint is nothing more than a legal conclusion, and we will not consider it in our analysis of SLHD's motion to dismiss. Paragraph 2 merely states that SLHD "has acted and acts as a 'health care provider' as that term is contemplated by WIS. STAT. § 146.81(1)." The statement lacks any facts to sufficiently support such a claim.

¶14 We also agree with the circuit court that Bloss's complaint lacks any factual allegations that sufficiently allege that SLHD meets the definition of a health care provider under WIS. STAT. § 146.81(1).[5] Bloss's complaint alleged

---

[5] On appeal, Bloss asserts that because SLHD's answer admitted that Bloss's "attorneys wrote and requested certified health care medical records," SLHD admitted that it is a health care provider. In support of this argument, Bloss cites the definition of "certified health care medical records," which includes records "prepared by or under the supervision of a health care provider." *See* WIS. STAT. § 146.81(4). Bloss cites other "admissions" SLHD made in its answer to argue the same. Bloss also states that SLHD admitted that it is a health care provider because it responded to paragraphs 37 and 39—which referenced the record request invoice—by stating that the invoice "speaks for itself."

We disagree with Bloss's arguments in this regard for many reasons. Most notably, SLHD expressly stated in its answer, on numerous occasions, that it rejected any assertion that it is a health care provider as defined by WIS. STAT. § 146.81(1). Furthermore, we disagree that SLHD's admission that it is a Minnesota health care provider has any bearing on whether it is a health care provider under Wisconsin law.

7

that SLHD "has *acted* and *acts* as a 'health care provider.'" (Emphasis added.) However, it is not enough that SLHD "act[s] as" a health care provider. WISCONSIN STAT. § 146.83(3f)(a) requires a "health care provider"—not an entity that *acts* as a health care provider—to provide requested health care records. Moreover, as the court recognized, to meet the definition of a "health care provider" for purposes of § 146.83(3f)(a), the person or entity must actually qualify as one of the expressly listed types of persons or entities described in § 146.81(1). Section 146.81(1) is not a list of examples of health care providers— it is an exhaustive list. In that regard, we note that nothing in Bloss's complaint alleged that SLHD is a "rural medical center"—one of twenty-nine types of health care providers expressly listed under § 146.81(1).

¶15    Furthermore, as SLHD argues, even if Bloss's complaint had alleged that SLHD is a rural medical center, his complaint failed to allege that SLHD meets the statutory requirements of a rural medical center. The only allegation in Bloss's complaint that comes close to addressing the rural medical center standard is the statement that Bloss's attorneys "requested certified health care medical records from [SLHD's] Chequamegon Clinic." Bloss, however, did not allege that: SLHD is "[c]apable of providing or assuring health care services, including appropriate referral, treatment and follow-up services, at one or more locations in" Wisconsin; the Chequamegon Clinic is in Ashland, Wisconsin, which has a population of less than 15,000 (as Bloss alleged in his response to SLHD's motion to dismiss); or the Chequamegon Clinic is not in an urbanized area as defined by the federal bureau of the census. *See* WIS. STAT. § 50.50(11).

¶16    In response to SLHD's motion to dismiss, Bloss provided the circuit court with two website links that he claimed demonstrated that the Chequamegon Clinic is located in Ashland, Wisconsin, and that Ashland has a population of

approximately 7,823. Bloss contends that the court essentially ignored this information, despite the fact that WIS. STAT. § 50.50(11)(b) "requires that the federal census bureau data be referred to." Similarly, Bloss argues that the court should have taken judicial notice of Ashland's population. *See* WIS. STAT. § 902.01(2). Bloss also maintains that there was "nothing before the [c]ourt to prove that [SLHD] could not meet the definition of a rural medical center."

¶17 Bloss misapplies the pleading standard under WIS. STAT. § 802.02. A party suing must plead facts sufficient to plausibly show that he or she is entitled to relief. *See **Data Key Partners***, 356 Wis. 2d 665, ¶21. Plausible "[f]actual assertions are evidenced by statements that describe: 'who, what, where, when, why, and how.'" *Id.*, ¶21 n.9. While Bloss's complaint alleged facts showing it is *possible* that SLHD could be a health care provider, nothing in his complaint makes that fact *plausible*. A court properly dismisses "a complaint if, '[u]nder the guise of notice pleading, [it] requires the court to indulge in too much speculation leaving too much to the imagination of the court.' It is not enough for the plaintiff to contend that the requisite facts will be 'supplied by the discovery process.'" ***Doe v. Archdiocese of Milwaukee***, 2005 WI 123, ¶36, 284 Wis. 2d 307, 700 N.W.2d 180 (first alteration in original; citations omitted).

¶18 Even if the circuit court took judicial notice of Ashland's population, the federal bureau of the census defined an "urbanized area" in the 2020 census as an area that has "at least 2,000 housing units or [has] a population of at least 5,000." *See* United States Census Bureau, *Urban Area Announcement and Criteria for the 2020 Census* (available at https://www.census.gov/programs-surveys/geography/guidance/geo-areas/urban-rural.html#:~:text=To%20qualify%20as%20an%20urban,population%20of%20at%20least%205%2C000), last visited July 3, 2023. For purposes of the 2010

census, the federal bureau of the census defined an "urbanized area" simply as an area that has a population of 2,500. *See id.* As such, assuming the population of Ashland is 7,823 as Bloss suggests, Ashland has met the definition of an "urbanized area" for at least the past two censuses. Therefore, Bloss's complaint failed to state sufficient facts to allege that SLHD is a rural medical center.[6]

¶19 Lastly, Bloss asserts that even if the circuit court correctly decided SLHD's motion to dismiss for failure to state a claim, "the appropriate course of action would be to allow an amended complaint to be filed."

¶20 After an action has been pending for more than six months, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given at any stage of the action when justice so requires." WIS. STAT. § 802.09(1). While "Wisconsin embraces a policy in favor of liberal amendment of pleadings," circuit courts have "wide discretion in determining whether to permit the amendment of pleadings at any stage of the proceedings." *Tietsworth v. Harley-Davidson, Inc.*, 2007 WI 97, ¶25, 303 Wis. 2d 94, 735 N.W.2d 418. "We affirm a [circuit] court's exercise of discretion if the court applied the correct legal standard to the facts of record in a

---

[6] On appeal, both parties dispute whether SLHD must be a *licensed* rural medical center for purposes of WIS. STAT. § 146.81(1). We need not answer that question as we decide the issue on appeal using narrower grounds. *See Patrick Fur Farm, Inc. v. United Vaccines, Inc.*, 2005 WI App 190, ¶8 n.1, 286 Wis. 2d 774, 703 N.W.2d 707 ("[W]e decide cases on the narrowest possible grounds.").

For the same reason, we also refuse to address other reasons raised by SLHD for affirming the circuit court's decision. For example, SLHD argues that the complaint failed to state sufficient facts to allege that SLHD's actions were "knowing and willful" or "negligent," in violation of WIS. STAT. § 146.84(1). Similarly, SLHD asserts that Bloss's remaining claims fail as a matter of law and are barred by the "voluntary payment doctrine."

reasonable manner." ***Mach v. Allison***, 2003 WI App 11, ¶20, 259 Wis. 2d 686, 656 N.W.2d 766 (2002).

¶21 Assuming without deciding that the circuit court erroneously exercised its discretion in failing to allow Bloss to amend his complaint, we conclude any such error was harmless. *See* WIS. STAT. § 805.18. Bloss asked the court to allow him leave to amend the original complaint if the court "believes that [Bloss] needs to plead more facts … to show [SLHD] is indeed a health care provider." According to information provided in Bloss's response in opposition to SLHD's motion to dismiss, SLHD's only other Wisconsin location is in Superior. Superior has a population of over 25,000. *See* WIS. STAT. § 902.01(2); United States Census Bureau, *QuickFacts* (available at https://www.census.gov/quickfacts/superiorcitywisconsin), last visited July 3, 2023. Therefore, even if Bloss were given an opportunity to amend his complaint, he necessarily would again fail to demonstrate that SLHD meets the definition of a rural medical center. Furthermore, Bloss's complaint was dismissed without prejudice.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.