# Supreme Court of Wisconsin

| | |
|---|---|
| CASE NO.: | 2019AP2236 |

| | |
|---|---|
| COMPLETE TITLE: | Timothy Rave,<br>      Plaintiff-Respondent,<br>   v.<br>SVA Healthcare Services, LLC,<br>      Defendant-Appellant-Petitioner. |

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 398 Wis. 2d 384,960 N.W.2d 631
2021 - Unpublished

| | |
|---|---|
| OPINION FILED: | January 19, 2022 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Milwaukee |
| JUDGE: | Mary E. Triggiano |

| | |
|---|---|
| JUSTICES: | |
| Per Curiam. | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs filed by *David J. Hanus, Corey J. Swinick* and *Hinshaw & Culbertson LLP*, Milwaukee.

For the plaintiff-respondent, there was a brief filed by *Robert J. Welcenbach* and *Welcenbach Law Offices, S.C.*, Milwaukee; with whom on the brief was *Scott C. Borison* and *Legg Law Firm LLC*, Baltimore, Maryland; with whom on the brief was *Jon Craig Jones* and *Jones & Hill, LLC*, Oakdale, Louisiana.

An amicus curiae brief was filed on behalf of the Wisconsin Hospital Association, Inc. and the Wisconsin Civil Justice Council, Inc. by *Sara J. Maccarthy, Stephane P. Fabus, Heather D. Mogden* and *Hall, Render, Killian, Heath & Lyman, P.C.*, Milwaukee.

An amicus curiae brief was filed on behalf of the Wisconsin Association for Justice by *William C. Gleisner*, Brookfield.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2019AP2236
(L.C. No.  2018CV609)

STATE OF WISCONSIN  :  IN SUPREME COURT

Timothy Rave,

      Plaintiff-Respondent,

  v.

SVA Healthcare Services, LLC,

      Defendant-Appellant-Petitioner.

**FILED**

**JAN 19, 2022**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Dismissed.*

¶1 PER CURIAM. This case is before the court on a petition for review filed by the defendant-appellant-petitioner, SVA Healthcare Services, LLC ("SVA"). In the underlying suit, plaintiff-respondent Timothy Rave alleged that SVA, a medical records vendor, charged him and others similarly situated a fee for copies of medical records that exceeded the fee restrictions in Wis. Stat. § 146.83(3f)(b) (2019-20).[1] In its petition for review, SVA seeks review of an unpublished decision of the court of appeals, Rave v. SVA Healthcare Servs., LLC, No. 2019AP2236,

_____

[1] All subsequent references to the Wisconsin Statutes are to the 2019-20 version unless otherwise indicated.

unpublished slip op. (Wis. Ct. App. Apr. 27, 2021), affirming a circuit court order that certified a class and appointed Rave as class representative. The sole issue before us is whether the circuit court properly exercised its discretion when it granted Rave's motion for class certification. See Wis. Stat. § 803.08.

¶2  On November 26, 2021, this court issued Townsend v. ChartSwap, LLC, 2021 WI 86, 399 Wis. 2d 599, 967 N.W.2d 21. There, we held that the fee restrictions in Wis. Stat. § 146.83(3f)(b) apply only to "health care providers" as defined in § 146.81(1).  Id., ¶37.

¶3  Following the issuance of Townsend, Rave filed a motion to dismiss or alternatively stay this matter.  In the motion, Rave describes SVA as "a records retrieval company acting on behalf of a healthcare provider."  Rave states that "[a]lthough this appeal addresses another issue"——i.e., the propriety of class certification——"Rave recognizes that his underlying claims, which are identical to those alleged in [Townsend], ultimately fail based on this Court's recent ruling. As such, this appeal is moot."  Rave asks this court to dismiss the appeal, and further states that he "has agreed to dismiss the underlying action with prejudice."  Rave alternatively seeks a stay of this matter.

¶4  SVA Healthcare Services has responded to Rave's motion.  It writes that it "wholeheartedly agrees that this Court's decision in [Townsend] will ultimately be dispositive of Rave's claims against SVA in this action."  Nevertheless, SVA claims that, notwithstanding Townsend, this appeal is not moot,

2

and even if it were, this case falls within two of the established exceptions to the mootness doctrine given the number of other pending cases, challenging charges for medical records, in which the propriety of class certification is at issue.  See generally Portage County v. J.W.K., 2019 WI 54, ¶12, 386 Wis. 2d 672, 927 N.W.2d 509 (listing five exceptions to the mootness doctrine, including when "the situation arises so often 'a definitive decision is essential to guide the trial courts,'" and when "'the issue is likely to arise again and should be resolved by the court to avoid uncertainty'") (citation omitted).

¶5  We agree with Rave that Townsend renders this matter moot.  Rave does not argue that SVA is a health care provider, and nothing before us suggests that SVA meets the definition of a health care provider provided in Wis. Stat. § 146.81(1).  Consistent with Townsend, then, Rave has not stated a plausible claim that SVA is directly liable for a violation of Wis. Stat. § 146.83(3f)(b).

¶6  We note, too, that Townsend's holding applies equally to every other member of the class that Rave represents, which consists of individuals whom SVA billed for copies of medical records in amounts that allegedly exceeded the fee caps in Wis. Stat. § 146.83(3f)(b).  The effect is to moot the only question on appeal:  whether Rave's suit was properly certified as a class action.  Under Townsend, the answer is "no":  neither Rave nor any of the unnamed class members have a plausible claim that SVA is directly liable for a violation of § 146.83(3f)(b).

3

¶7    It is true, as SVA points out in its response to Rave's motion, that we may overlook mootness when a case presents questions that are recurring or likely to recur, and that signal a need for guidance and certainty.  See J.W.K., 386 Wis. 2d 672, ¶12.  But SVA does not meaningfully explain what essential guidance would be provided, or what uncertainty would be avoided, if we were to continue with this appeal and further discuss the propriety of class litigation of a claim made under a statute that does not, by its terms, apply to SVA, as Townsend makes clear and both parties now agree.

¶8    Given the above, we accept Rave's concession that our decision in Townsend makes this case moot.  We therefore grant Rave's motion to dismiss, and dismiss the petition for review. The review of the decision of the court of appeals is hereby dismissed.

By the Court.——Appeal dismissed.