# COURT OF APPEALS
## DECISION
## DATED AND FILED

## January 12, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2021AP908**

**STATE OF WISCONSIN**

Cir. Ct. No.  2019CV1630

**IN COURT OF APPEALS**
**DISTRICT IV**

---

BRITTANY D. CLARKE,

PLAINTIFF-APPELLANT-CROSS-RESPONDENT,

V.

SSM HEALTH CARE CORPORATION,
DEAN CLINIC & ST. MARY'S HOSPITAL ACCOUNTABLE CARE ORG., LLC
AND DIVERSIFIED MEDICAL RECORDS SERVICES, INC.,

DEFENDANTS-RESPONDENTS-CROSS-APPELLANTS.

---

APPEAL and CROSS-APPEAL from an order of the circuit court for Dane County:  JACOB B. FROST, Judge.  *Affirmed in part; reversed in part and cause remanded for further proceedings*.

Before Fitzpatrick, Graham, and Nashold, JJ.

¶1 FITZPATRICK, J. Brittany D. Clarke initiated this lawsuit against a health care provider, SSM Health Care Corporation,[1] and Diversified Medical Records Services, Inc. ("the defendants") alleging that the defendants charged fees for medical records in violation of WIS. STAT. § 146.83(3f) (2019-20).[2] Clarke also alleged common law causes of action for unjust enrichment and conversion against the defendants based on the charged fees. Clarke appeals an order of the Dane County Circuit Court that: dismissed her statutory claim as barred by the two-year statute of limitations in WIS. STAT. § 893.93(2)(a) (2015-16)[3]; and dismissed her common law claims. The defendants cross-appeal the circuit court's ruling which rejected the defendants' argument that the waiver doctrine bars Clark's statutory claim regarding the charged fees.

¶2 We reverse the circuit court's determination that the two-year statute of limitations in WIS. STAT. § 893.93(2)(a) bars Clarke's statutory claim. Rather, as this court held in *Hammetter v. Verisma Systems, Inc.*, 2021 WI App 53, 399 Wis. 2d 211, 963 N.W.2d 874, *review denied* (WI Apr. 13, 2022) (No. 2019AP2423), the six-year statute of limitations in § 893.93(1)(a) applies to Clarke's statutory claim. We affirm the circuit court's ruling that dismissed Clarke's common law claims of unjust enrichment and conversion. We also

---

[1] Clarke also named as a defendant Dean Clinic & St. Mary's Hospital Accountable Care Organization, LLC ("Dean Clinic"), an entity owned by SSM. Consistent with the parties' briefing on appeal, we refer to SSM and Dean Clinic collectively as "SSM."

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[3] Because Clarke's claims in this matter accrued in 2016, we apply the statute of limitations that was in effect at that time. *John Doe 1 v. Archdiocese of Milwaukee*, 2007 WI 95, ¶15, 303 Wis. 2d 34, 734 N.W.2d 827 ("[T]he statute of limitations that applies is the one in effect when the claim for relief accrued."). All subsequent references to WIS. STAT. § 893.93 are to the 2015-16 version of that statute.

affirm the circuit court's ruling that the doctrine of waiver does not apply in these circumstances and, as a result, does not bar Clarke's statutory claim. Accordingly, we remand this matter to the circuit court for further proceedings consistent with this opinion.

## BACKGROUND

¶3 The following material facts are taken from the complaint. All well-pleaded facts in a complaint must be accepted as true on a motion to dismiss. *Cattau v. National Ins. Servs. of Wis.*, 2019 WI 46, ¶4, 386 Wis. 2d 515, 926 N.W.2d 756.

¶4 In November 2016, Clarke was injured in a car accident and retained Welcenbach Law Offices ("Welcenbach") to represent her in a personal injury lawsuit. Clarke authorized, in writing, the release of her medical records to Welcenbach, and Welcenbach requested certified health care medical and billing records from SSM, one of Clarke's health care providers.

¶5 On behalf of SSM, Diversified responded to Welcenbach's records request.[4] Diversified charged $49.88 for the requested medical records and $24.52 for the requested billing records. Each charge was comprised of a copy fee for each page of the requested records and a "clerical fee" of $21.28.[5] In December

---

[4] It is undisputed that Diversified is not a health care provider.

[5] We note that Clarke's complaint does not set forth the amount that Welcenbach paid in fees to Diversified. Nonetheless, Clarke attached to her complaint copies of Diversified's invoices and a check stub from Welcenbach, and we may consider those documents as part of her complaint. *See Peterson v. Volkswagen of Am., Inc.*, 2005 WI 61, ¶15, 281 Wis. 2d 39, 697 N.W.2d 61 ("[W]hen a document is attached to the complaint and made part thereof, it must be considered a part of the pleading, and may be resorted to in determining the sufficiency of the pleadings.").

2016, Welcenbach paid both charges. The parties do not dispute that Welcenbach paid both charges without objection. Clarke later settled her personal injury case and reimbursed Welcenbach for the records request charges paid to Diversified.

¶6 In June 2019, Clarke filed a class action complaint against the defendants. Clarke alleged that the defendants (with Diversified acting as the agent for SSM) charged fees for providing medical and billing records to her attorney that are not permitted under WIS. STAT. § 146.83(3f), and she seeks to recover actual and exemplary damages, costs, and attorney fees pursuant to WIS. STAT. § 146.84.[6] Clarke also alleged in her complaint common law causes of action of unjust enrichment and conversion related to the charged fees. Further, Clarke requests that the circuit court certify a class of similarly situated individuals.

¶7 In response, the defendants filed motions to dismiss Clarke's complaint on the grounds that: (1) Clarke's statutory claims are barred by the two-year statute of limitations set forth under WIS. STAT. § 893.93(2)(a)[7]; and (2) Clarke waived the causes of action in her complaint because Welcenbach paid the charged fees without objection.

¶8 The circuit court granted the defendants' motions. The court dismissed Clarke's statutory claim based on its conclusion that the claim is barred by the two-year statute of limitations in WIS. STAT. § 893.93(2)(a). The court also dismissed Clarke's common law claims because, according to the circuit court, the

---

[6] The texts of WIS. STAT. §§ 146.83 and 146.84 are reproduced in pertinent part later in this opinion.

[7] The text of WIS. STAT. § 893.93 is reproduced in pertinent part later in this opinion.

statutory remedies in WIS. STAT. §§ 146.83 and 146.84 are the exclusive remedies for the actions of SSM and Diversified. The circuit court rejected the defendants' argument that Clarke waived her claims based on the actions of her attorney.

¶9     Clarke appeals the circuit court's order dismissing her claims. SSM cross-appeals the court's order with respect to the court's rejection of its waiver argument.[8]

¶10     Additional material facts are mentioned in the following discussion.

## DISCUSSION

¶11     We first address the appeal, and we then address the cross-appeal.

---

[8] We pause to clarify circumstances regarding the appeal and cross-appeal. The defendants filed a bypass petition with our supreme court, and that court ordered the parties to file supplemental briefs discussing the impact, if any, of *Townsend v. ChartSwap, LLC*, 2021 WI 86, 399 Wis. 2d 599, 967 N.W.2d 21, on the issues raised in the petition. *See Rave v. SVA Healthcare Servs., LLC*, 2022 WI 3, ¶5, 400 Wis. 2d 88, 968 N.W.2d 703 (holding that *Townsend* rendered "moot" an appeal regarding a WIS. STAT. § 146.83(3f) claim against an entity, such as Diversified, that is not a "health care provider"). In her supplemental brief, Clarke conceded that *Townsend* "precludes any further claims against Diversified" because Diversified is not a "health care provider" for the purposes of § 146.83. Clarke then requested that the supreme court dismiss as moot her appeal as to Diversified, and Clarke offered to enter into a stipulation "to dismiss all claims with prejudice as to Diversified." Clarke further asked the supreme court to dismiss as moot Diversified's cross-appeal because it raises the same issues as SSM's cross-appeal. The supreme court denied the bypass petition and transferred to this court Clarke's motion to dismiss both her appeal as to Diversified and Diversified's cross-appeal.

On transfer to this court, we ordered that Clarke's motion to dismiss her appeal as to Diversified be held in abeyance pending our decision in this matter unless Clarke filed with this court an unequivocal notice of voluntary dismissal of her appeal as it concerns Diversified. Clarke has not filed any such motion, but we construe Clarke's supplemental briefing to our supreme court on the bypass petition as conceding that her appeal against Diversified is moot. In other words, Clarke's concession that all her claims against Diversified can be dismissed with prejudice necessarily means that her statutory and common law claims against Diversified fail for the same reasons Townsend's statutory and common law claims against ChartSwap failed. Thus, there are no claims left against Diversified in this appeal. Accordingly, we need not, and do not, consider the cross-appeal as it concerns Diversified. For the same reason, we also conclude that Clarke's motion to dismiss Diversified's cross-appeal is moot.

## I.  Clarke's Appeal.

¶12    In her appeal, Clarke argues that the circuit court erroneously applied the two-year statute of limitations set forth under WIS. STAT. § 893.93(2)(a) to her statutory claim against SSM and, instead, should have applied the six-year statute of limitations set forth under § 893.93(1)(a).  Clarke also argues that the circuit court erroneously dismissed her common law claims against SSM.  We begin by setting forth our standard of review and governing principles.

### A.  Standard of Review and Governing Principles.

¶13    SSM's motion to dismiss is grounded in WIS. STAT. § 802.06(2)(a)9. and asserts that Clarke's statutory claim is barred by a statute of limitations. "Determining which statute of limitations applies to an action is a question of law [that] we review de novo." ***Munger v. Seehafer***, 2016 WI App 89, ¶18, 372 Wis. 2d 749, 890 N.W.2d 22.  SSM's motion to dismiss Clarke's common law causes of action is grounded in § 802.06(2)(a)6. and asserts that those causes of action do not state a claim upon which relief can be granted.  A circuit court's ruling on such a motion to dismiss is reviewed de novo by this court. ***Data Key Partners v. Permira Advisers LLC***, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693.

¶14    This appeal requires us to interpret statutes.  Statutory interpretation and the application of statutes to undisputed facts are questions of law that this court reviews de novo. ***Landis v. Physicians Ins. Co. of Wis., Inc.***, 2001 WI 86, ¶¶12-13, 245 Wis. 2d 1, 628 N.W.2d 893.  "[S]tatutory interpretation 'begins with the language of the statute.  If the meaning of the statute is plain, we ordinarily stop the inquiry.'" ***State ex rel. Kalal v. Circuit Ct. for Dane Cnty.***, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted).  "Statutory language is

given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.*

### B. Clarke's Statutory Claim is Not Barred by a Statute of Limitations.

¶15 Clarke argues that the circuit court should have applied to her statutory claim against SSM the following six-year statute of limitations set forth under WIS. STAT. § 893.93(1)(a):

> (1) The following actions shall be commenced within 6 years after the cause of action accrues or be barred:
>
> (a) An action upon a liability created by statute when a different limitation is not prescribed by law.

Sec. 893.93(1)(a). According to Clarke, this section applies because her claims under WIS. STAT. §§ 146.83 and 146.84 are "action[s] upon a liability created by statute" for which there is no statute of limitations prescribed by law.[9] *See id.*

---

[9] WISCONSIN STAT. § 146.83(3f) provides in pertinent part:

> (3f)(a) … [I]f a person requests copies of a patient's health care records, provides informed consent, and pays the applicable fees under par. (b), the health care provider shall provide the person making the request copies of the requested records.
>
> (b) … [A] health care provider may charge no more than the total of all of the following that apply for providing the copies requested under par. (a): [(Fee requirements omitted)]

Sec. 146.83(3f)(a), (b). Section 146.83 may be enforced under WIS. STAT. § 146.84, which provides in pertinent part:

> (1) ACTIONS FOR VIOLATIONS; DAMAGES; INJUNCTION.
>
> ….

(continued)

¶16     For its part, SSM argues that a two-year statute of limitations under WIS. STAT. § 893.93(2)(a) applies to Clarke's claims:

> (2) The following actions shall be commenced within 2 years after the cause of action accrues or be barred:
>
> (a) An action by a private party upon a statute penalty, or forfeiture when the action is given to the party prosecuting therefor and the state, except when the statute imposing it provides a different limitation.

Sec. 893.93(2)(a). According to SSM, Clarke's statutory claim is an "action by a private party upon a statute penalty" because Clarke alleged in her complaint that she is entitled to exemplary damages pursuant to WIS. STAT. § 146.84 for the alleged violations of WIS. STAT. § 146.83(3f).

¶17     In *Hammetter*, 399 Wis. 2d 211—an opinion published after Clarke filed her brief-in-chief in this court, but before SSM filed its response brief—we

---

> (b) Any person, including the state or any political subdivision of the state, who violates s. 146.82 or 146.83 in a manner that is knowing and willful shall be liable to any person injured as a result of the violation for actual damages to that person, exemplary damages of not more than $25,000 and costs and reasonable actual attorney fees.
>
> (bm) Any person, including the state or any political subdivision of the state, who negligently violates s. 146.82 or 146.83 shall be liable to any person injured as a result of the violation for actual damages to that person, exemplary damages of not more than $1,000 and costs and reasonable actual attorney fees.
>
> (c) An individual may bring an action to enjoin any violation of s. 146.82 or 146.83 or to compel compliance with s. 146.82 or 146.83 and may, in the same action, seek damages as provided in this subsection.

Sec. 146.84(1).

considered and rejected an argument identical to the contention from SSM. In *Hammetter*, two plaintiffs sued their health care provider for charging fees for health care records in violation of WIS. STAT. § 146.83(3f). *Hammetter*, 399 Wis. 2d 211, ¶5. In response, the health care provider argued that the plaintiffs' claim was barred by the two-year statute of limitations under WIS. STAT. § 893.93(2)(a) because WIS. STAT. § 146.84 allows private parties to seek up to $25,000 in exemplary damages. *Id.*, ¶36. This court rejected the health care provider's argument and held that a six-year statute of limitations applies to the plaintiffs' claim. *Id.*, ¶38. This court explained that the "the two-year statute of limitations applies where the action by a private party upon a statute penalty is for the benefit of the public, while the six-year statute of limitations applies when private individuals seek private relief." *Id.* (quoting *State ex rel. Leung v. City of Lake Geneva*, 2003 WI App 129, ¶6, 265 Wis. 2d 674, 666 N.W.2d 104, which relied on § 893.93(1)(a)). Because the primary purpose of §§ 146.83 and 146.84 is "to benefit individual patients by ensuring they are not gouged by unreasonable and excessive charges demanded by their health care provider for their own medical records," this court concluded that the six-year statute of limitations under § 893.93(1)(a) applied to the plaintiffs' claims. *Id.*

¶18     SSM argues that we should depart from the binding precedent of *Hammetter* because that opinion's analysis of this statute of limitations issue "does not withstand reasonable scrutiny." However, we are bound by the holding of *Hammetter*, and we "may not overrule, modify or withdraw language from a previously published decision of the court of appeals." *Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997).

¶19     SSM also suggests that we are not bound by *Hammetter* because this court's discussion of the statute of limitations issue in that case was "arguably

9

dicta." However, even if we would assume that this court may dismiss a statement from a previously published court of appeals opinion as dictum (and we do not make that assumption), SSM fails to develop any viable contention that this court's discussion of the statute of limitations issue in *Hammetter* was not germane to the controversy in that case, that it extended beyond the facts of the case, or was broader than necessary. *See Zarder v. Humana Ins. Co.*, 2010 WI 35, ¶¶52 n.19, 58, 324 Wis. 2d 325, 782 N.W.2d 682 (stating that discussion of an issue not germane to the controversy or language in an opinion "which extends beyond the facts in the case and is broader than necessary" constitutes "dictum" under Wisconsin law).

¶20 In sum, consistent with this court's holding in *Hammetter*, we conclude that Clarke's statutory claim against SSM is not barred by the two-year statute of limitations under WIS. STAT. § 893.93(2)(a) and that Clarke validly asserted her claim within the applicable six-year statute of limitations, § 893.93(1)(a).

## C. The Circuit Court Properly Dismissed Clarke's Common Law Claims Against SSM.

¶21 Clarke next argues that the circuit court erroneously dismissed her common law claims of unjust enrichment and conversion against SSM. According to Clarke, she is entitled to plead these common law claims alongside her statutory claim because neither WIS. STAT. § 146.83 nor WIS. STAT. § 146.84 "abrogate[d] the common law" or "abolished" related common law claims. SSM responds that the circuit court properly concluded that the remedy provided under § 146.84 is the "exclusive" remedy for its alleged conduct because that remedy is "adequate and comprehensive." We conclude that the circuit court properly dismissed

Clarke's common law claims, but we reach that conclusion for a reason different than that provided by the circuit court. *See State v. Smiter*, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 ("[W]e are not constrained to the circuit court's reasoning in affirming or denying its order; instead, we may affirm the circuit court's order on different grounds.").

¶22 A recent supreme court opinion guides our analysis. In *Townsend v. ChartSwap, LLC*, 2021 WI 86, 399 Wis. 2d 599, 967 N.W.2d 21—a case decided after the parties submitted briefs in this appeal—Townsend's attorney requested health care and billing records from ChartSwap, and ChartSwap provided those records for a fee. *Townsend*, 399 Wis. 2d 599, ¶4. Townsend initiated a lawsuit against ChartSwap alleging that ChartSwap violated WIS. STAT. § 146.83(3f). *Id.* The supreme court concluded that, because ChartSwap is not a health care provider, it is not subject to the fee restrictions in § 146.83(3f). *Id.*, ¶2. Townsend also alleged a claim of unjust enrichment against ChartSwap. *Id.*, ¶4. In pleading her unjust enrichment claim, Townsend incorporated by reference "all allegations about ChartSwap's charging more for the copy of her medical record than Townsend asserts ChartSwap lawfully could charge under … § 146.83(3f)(b)." *Id.*, ¶4 n.5. Our supreme court determined that the common law unjust enrichment claim must be dismissed as Townsend failed to "allege facts sufficient to support a claim for unjust enrichment" because "she simply incorporate[d] her statutory violation claim … and label[ed] it unjust enrichment." *Id.*

¶23 Based on that pleading standard from *Townsend*, Clarke's complaint does not allege sufficient facts to support her claims of unjust enrichment and conversion. Like the unjust enrichment claim in the complaint in *Townsend*, Clarke's allegations concerning unjust enrichment and conversion in her complaint simply incorporate her statutory violation claim allegations and recite

only the bare elements of those common law causes of action without alleging any facts supporting those claims. In order to survive a motion to dismiss, "[p]laintiffs must allege facts that, if true, plausibly suggest a violation of applicable law." *Data Key Partners*, 356 Wis. 2d 665, ¶21; *see* WIS. STAT. § 802.02(1)(a) ("A pleading … that sets forth a claim for relief … shall contain … [a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief."). "For this reason, 'a formulaic recitation of the elements of a cause of action' is not enough to state a claim upon which relief may be granted." *Cattau*, 386 Wis. 2d 515, ¶5 (quoting *Data Key Partners*, 356 Wis. 2d 665, ¶25). Accordingly, *Townsend* establishes that Clarke's complaint does not state a valid claim for unjust enrichment because it merely incorporates the facts of her WIS. STAT. § 146.83(3f)(b) claim and provides a formulaic recitation of the elements of unjust enrichment. *Townsend*, 399 Wis. 2d 599, ¶4 n.5.

¶24 The *Townsend* pleading standard also causes Clarke's conversion claim to fail. Clarke's conversion claim provides only a formulaic recitation of the elements of common law conversion with no facts supporting that claim. We discern no principled reason why the *Townsend* holding discussed above does not also extend to Clarke's common law conversion claim and require the dismissal of that claim. Therefore, Clarke has not pleaded facts sufficient to state claims against SSM for unjust enrichment and conversion.

¶25 In sum for Clarke's appeal: we reverse the portion of the circuit court's order that dismissed Clarke's statutory claim against SSM based on a statute of limitations; we affirm the court's order that dismissed Clarke's unjust enrichment and conversion claims against SSM; and we affirm the court's order

12

that dismissed Clarke's statutory, unjust enrichment, and conversion claims against Diversified.

## II.  SSM's Cross-Appeal.

¶26    In its cross-appeal, SSM argues that Clarke waived her right to a statutory challenge to the charged fees.  Our supreme court held in ***Moya v. Aurora Healthcare, Inc.***, 2017 WI 45, 375 Wis. 2d 38, 894 N.W.2d 405, that the waiver doctrine does not bar a statutory claim under WIS. STAT. § 146.83(3f).  SSM asserts that the holding in ***Moya*** does not control here because ***Moya*** did not address the specific waiver argument SSM raises in this case.  Clarke responds that the supreme court's holding in ***Moya*** that the waiver doctrine does not bar a § 146.83(3f) claim is dispositive and requires rejection of SSM's contention.  As we now discuss, Clarke did not waive her statutory claim against SSM.[10]

¶27    Our review is de novo of the circuit court's ruling on SSM's motion to dismiss discussed in this cross-appeal.  ***Data Key Partners***, 356 Wis. 2d 665, ¶17.

¶28    The supreme court's analysis and applicable holdings in ***Moya*** are controlling to our analysis, and we summarize material points from that opinion.

---

[10] ***Moya*** addressed the waiver doctrine only in the context of Moya's statutory claim. ***Moya v. Aurora Healthcare, Inc.***, 2017 WI 45, ¶¶32-37, 375 Wis. 2d 38, 894 N.W.2d 405.  In ***Hammetter***, this court extended the holding of ***Moya*** and concluded that the voluntary payment doctrine does not bar common law claims of unjust enrichment and conversion. ***Hammetter v. Verisma Sys., Inc.***, 2021 WI App 53, ¶¶39-41, 399 Wis. 2d 211, 963 N.W.2d 874, *review denied* (WI Apr. 13, 2022) (No. 2019AP2423).  We need not determine whether application of the waiver doctrine bars unjust enrichment and conversion claims in the context of charges for medical and billing records because we concluded in our discussion of Clarke's appeal that Clarke has not stated a claim against SSM for those common law causes of action. *See **Barrows v. American Fam. Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

Like Clarke, Moya hired an attorney to pursue her personal injury claim, and the attorney requested Moya's health care records on her behalf. *Moya*, 375 Wis. 2d 38, ¶¶7-9. In fulfilling those requests, Healthport charged certain fees, and Moya's attorney paid those fees without dispute. *Id.*, ¶¶9-10. Moya then sued Healthport for charging fees in violation of WIS. STAT. § 146.83(3f), and Healthport moved to dismiss Moya's complaint for failure to state a claim. *Id.*, ¶¶11-12.

¶29 In the supreme court, Healthport argued that Moya waived her right to obtain her health care records at a cost less than that charged by Healthport because she authorized her attorney to obtain her health care records instead of requesting those records herself and "thereby voluntarily and intentionally relinquish[ed] her right not to be charged the certification charge and retrieval fee." *Id.*, ¶37. Our supreme court rejected this argument. *Id.* The court emphasized that it was required to "give effect to the legislature's expressed intent" when interpreting statutes. *Id.*, ¶34. According to the court, the legislature's intent underlying WIS. STAT. § 146.83(3f) was "that a person with a written authorization from a patient does not have to pay the certification charge or retrieval fee for obtaining health care records." *Id.* Important to this cross-appeal, the court held that the waiver doctrine did not apply so as to bar Moya's statutory claim because the application of that doctrine would "subvert the legislature's intent." *Id.*, ¶37.

¶30 As further context for our discussion, we note that Wisconsin courts define "waiver" as the "voluntary and intentional relinquishment of a known right." *Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 9, 571 N.W.2d 656 (1997). The waiver doctrine "focuses on the intent of the party against whom waiver is asserted," but it is not necessary to prove that the party had "actual intent

to waive." *Id.* at 10; *see also* **Nugent v. Slaght**, 2001 WI App 282, ¶13, 249 Wis. 2d 220, 638 N.W.2d 594 ("Although the waiving party need not intend a waiver, he or she must act intentionally and with knowledge of the material facts.").

¶31    We now consider facts relevant to our analysis.  SSM's argument is based on allegations in Clarke's complaint and factual statements in, and purported inferences from, our supreme court's opinion in *Moya*, 375 Wis. 2d 38.[11]  The attorney that represented Moya, Attorney Robert Welcenbach, is the same attorney that represented Clarke in her personal injury action and is one of the attorneys representing Clarke in this matter.  *Moya*, 375 Wis. 2d 38, ¶7.

¶32    As the factual basis for its waiver argument, SSM states the following.  In March 2013, Welcenbach filed a lawsuit on behalf of Moya against Healthport Technologies.  The complaint alleged that Healthport charged an improper fee for Moya's health care records, and this violated WIS. STAT. § 146.83(3f).  This court, in December 2015, held that the disputed fees were properly charged by Healthport under the court's interpretation of the fee statute. In April 2016, the supreme court granted Moya's petition for review.  In December 2016, before the supreme court issued its opinion, Welcenbach requested Clarke's records from SSM and paid to Diversified without objection the fees at issue in this matter in order to obtain the medical and billing records.  In May 2017, the supreme court issued its decision in *Moya*, reversing the court of appeals and holding that the fees charged by Healthport for the records were improper under § 146.83(3f).

_____

[11] A copy of the *Moya* opinion is attached as an exhibit to Clarke's complaint in this action.

¶33 From those facts, SSM contends that "because [Clarke's] attorney knowingly paid the fee [for Clarke's records] without objection, [Clarke's] attorney waived [Clarke's] ability to later object to the fee" in this lawsuit. There are several premises necessary to SSM's argument in this cross-appeal which we now summarize.

- SSM asserts that, at the time Welcenbach paid for Clarke's medical records in December 2016, Welcenbach "*firmly believ*[ed] *those fees were unlawful and in violation of* [Clarke's] *rights under the statute*."

- At the time Welcenbach paid the fees to Diversified for Clarke's records in December 2016, the court of appeals had previously decided, in a published opinion, that a fee request, such as the one made to Welcenbach for Clarke's medical records, was proper under WIS. STAT. § 146.83(3f). *See Moya v. Aurora Healthcare, Inc.*, 2016 WI App 5, 366 Wis. 2d 541, 874 N.W.2d 336, *rev'd*, 2017 WI 45, 375 Wis. 2d 38, 894 N.W.2d 405. According to SSM, that makes no difference to the result in this cross-appeal because:

  > A person's rights can never be known with absolute certainty; they are often subject to past, current or future litigation. What is clear, however, is that at all times after Attorney Welcenbach filed the Moya complaint in March of 2013, he was aware of Brittany Clarke's rights, perhaps more aware than anyone else in the State of Wisconsin. Her rights existed both before and after the court of appeals decision in this case.

- SSM asserts that, because Clarke contends in this lawsuit that SSM is liable for the actions of Diversified, SSM's agent, in charging excessively for the health care records, then Clarke must be "responsible for the conduct" of Welcenbach in paying for Clarke's medical records without objection.

16

- According to SSM, Clarke's intent to waive any objection to fees Welcenbach paid for Clarke's records can be inferred from Welcenbach's failure to object to the fees at the time those were paid.

- The supreme court, in *Moya*, stated that the waiver doctrine does not bar a statutory claim under WIS. STAT. § 146.83(3f) because doing so would "subvert the intent of the legislature" but, according to SSM, applying the waiver doctrine to Clarke's statutory claim in this matter would not subvert the intent of the legislature because doing so would encourage "the attorneys charging back those fees to clients [such as Welcenbach did with Clarke] to understand and follow the legislative fee limitations."

- As an alternative to paying the fees to obtain Clarke's medical and billing records from SSM and Diversified, Welcenbach should have "simply declin[ed] to pay the improper fees [charged by Diversified] in the first place."

¶34 We reject SSM's argument for the following reasons, any of which is sufficient to affirm the ruling of the circuit court.

¶35 First, SSM asserts that *Moya* is not dispositive in this situation because that opinion involved "a different waiver defense" than the one SSM raises in this case. According to SSM, Clarke waived her right to reduced fees not because she authorized Welcenbach to obtain her records on her behalf—the argument that was rejected in *Moya*—but, rather, because Welcenbach "knowingly paid the fee[s] without objection." We disagree with SSM's assertion. Our supreme court's holding in *Moya* that the waiver doctrine does not bar a claim under WIS. STAT. § 146.83(3f) cannot be reasonably read as depending on the specific facts of that case or how the parties' arguments are framed. *See Moya*,

375 Wis. 2d 38, ¶¶34, 37. *Moya* broadly rejected the application of the waiver doctrine to causes of action like Clarke's § 146.83(3f) claim. Moreover, the facts in this case are not substantially different from the facts in *Moya*. Specifically, Welcenbach did not object to the charged fees in this case or in *Moya*. "At the time Healthport invoiced Atty. Welcenbach, he paid the costs, and he did not specifically dispute them. However, he had on multiple previous occasions disputed the imposition of such costs in other cases." *Id.*, ¶10. As a result, SSM's argument fails because there are not material differences between the facts in *Moya* and the present case.

¶36 Second, as noted, *Moya* held that courts should not apply the waiver doctrine when doing so would subvert the legislature's intent. *Id.*, ¶¶34, 37; *see also* ***MBS-Certified Pub. Accts, LLC v. Wisconsin Bell, Inc.***, 2012 WI 15, ¶71, 338 Wis. 2d 647, 809 N.W.2d 857 ("Whenever the application of a common law doctrine or rule would undermine the manifest purposes of a statutory cause of action, … the legislature necessarily intended that the common law defense would not be applied to bar claims under the statute."). *Moya* indicates that the legislature's "expressed intent" underlying WIS. STAT. § 146.83(3f) is to ensure that patients do not have to pay certain fees to obtain their medical records. *Moya*, 375 Wis. 2d 38, ¶34; *see also* ***Hammetter***, 399 Wis. 2d 211, ¶38 ("The primary purpose of [§ 146.83(3f)] is obviously to benefit individual patients by ensuring they are not gouged by unreasonable and excessive charges demanded by their health care provider for their own medical records."). Applying the waiver doctrine to Clarke's claim would undermine this "expressed intent" because that would require Clarke to pay the fees prohibited under § 146.83(3f). *See Moya*, 375 Wis. 2d 38, ¶34. Thus, Clarke's claim is not barred by that doctrine.

¶37    Third, SSM's argument and its necessary premises attempt to turn upside down the holding in *Moya* that the waiver doctrine does not bar a statutory claim under WIS. STAT. § 146.83(3f). In *Moya*, the supreme court recognized an intent of the legislature and concluded that arguments such as those raised by SSM in this cross-appeal must be rejected. As stated by Clarke in her briefing in this cross-appeal: "In essence, SSM's argument is you should have stopped us from violating the law, and, since you did not, we keep the illegal fees."

¶38    Fourth, a necessary premise of SSM's argument is that, in December 2016 when he paid Diversified for the records, Welcenbach knew that the charged fees were in violation of Clarke's rights under WIS. STAT. § 146.83(3f). That assertion does not stand up to scrutiny. As of December 2016, this court in a published opinion had decided that the fees such as those charged by Diversified were proper. Welcenbach could not have known that the supreme court would later reverse the holding of the court of appeals in *Moya*. SSM attempts to argue around those facts by making vague assertions that "[a] person's rights can never be known with absolute certainty." However, SSM's assertion is untethered to any meaningful analysis and is rejected.

¶39    Fifth, in an apparent attempt to show that Welcenbach's payment of the charged fees was voluntary, SSM makes the argument that Welcenbach, in his representation of Clarke in her personal injury action, should not have paid the fees demanded by Diversified for the medical and billing records. But, SSM does not dispute that Clarke's SSM medical and billing records held by Diversified were necessary for Welcenbach's representation of Clarke in the personal injury action. SSM also does not suggest any method for Welcenbach to obtain those records other than to request those from SSM and pay the fees demanded by Diversified. Contrary to its broader argument, SSM's contention leads solely to

the conclusion that the payment made to Diversified by Welcenbach to obtain Clarke's records was not voluntary in light of his obligation to represent Clarke. *See* SCR 20:1.3 (a lawyer must act with reasonable diligence in representing a client).

¶40 Finally, in an alternative contention, SSM relies on *Moya v. Walgreen Co.*, No. 18-CV-1785-JPS, 2019 WL 400618 (E.D. Wis. Jan. 31, 2019) ("*Walgreen*") and contends that the application of the waiver doctrine to similar facts in that case is instructive. It is not.

¶41 In that case, the plaintiff retained an attorney to represent her in a personal injury claim and, with her written authorization, the attorney requested her health care records from Walgreen. *Walgreen*, 2019 WL 400618, *1. Walgreen responded by providing the records along with an invoice for certain fees. *Id.* The invoice contained the following language: "Please remit payment, together with this invoice. If state statute designates a different reimbursement, please enclose a copy of the statute along with a check for that amount." *Id.* The attorney paid the fee without protest and did not enclose for Walgreen any statutory authority contrary to the amount charged. *Id.* at *2. The plaintiff then sued Walgreen for charging a fee in violation of WIS. STAT. § 146.83(3f). *Id.*

¶42 The federal court held that the plaintiff's statutory claim was barred by the waiver doctrine, stating that the plaintiff had "both a factual and legal basis to pay a lesser fee" because the language of Walgreen's invoice provided an "express avenue" to avoid paying the fee. *Id.* at *3. Because the attorney paid the fee "without protest" and waited over five years to file a suit against Walgreen, the court concluded that the plaintiff waived her statutory claim against Walgreen. *Id.*

¶43    The federal court further concluded that our supreme court's decision in ***Moya v. Aurora Healthcare, Inc.***, 375 Wis. 2d 38, did not preclude the application of the waiver doctrine to the plaintiff's WIS. STAT. § 146.83(3f) claim. ***Id.*** at *4.    The court decided that the concern was "much lessened" that the application of the waiver doctrine to § 146.83(3f) claims would undermine the legislature's purpose of permitting attorneys to obtain medical records on behalf of their clients.    ***Id.***    The court emphasized the fact that the attorney failed to take advantage of an opportunity to pay the proper fee under § 146.83(3f).    ***Id.***

¶44    We do not reach the same conclusion as the federal court in ***Walgreen***.    Unlike the federal court, we are bound by our supreme court's broad statement in ***Moya*** that clearly rejected the application of the waiver doctrine to bar claims like Clarke's WIS. STAT. § 146.83(3f) claim.    ***Moya***, 375 Wis. 2d 38, ¶¶34, 37; *see **Cook***, 208 Wis. 2d at 190.    In addition, the facts of ***Walgreen*** are materially different from the facts of the present case.    The plaintiff in ***Walgreen*** was provided an invoice that allowed her attorney to pay a different amount if statutorily required.    ***Walgreen***, 2019 WL 400618 at *3.    The availability of this "express avenue" to avoid paying an objectionable fee was the primary reason that the ***Walgreen*** court concluded that the plaintiff had "actual intent to waive the right to challenge the propriety of the fee."    ***Id.***    Here, however, SSM and Diversified did not provide Clarke with any opportunity to pay a different amount if she believed the amount charged was incorrect.

¶45    In sum, there is no basis to conclude that Clarke waived her right to challenge SSM's fee under WIS. STAT. § 146.83(3f), and we affirm the circuit court's rejection of SSM's waiver defense.

21

**CONCLUSION**

¶46    For the foregoing reasons, the order of the circuit court is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.  More specifically, the circuit court's ruling which dismissed Clarke's statutory claim against SSM based on the statute of limitations is reversed; the circuit court's ruling which dismissed Clarke's unjust enrichment and conversion claims against SSM is affirmed; the circuit court's ruling which dismissed Clarke's statutory and common law claims against Diversified is affirmed; and the circuit court's ruling that the waiver doctrine does not apply to bar Clarke's statutory claim is affirmed.  Additionally, Clarke's motion to dismiss her appeal as to Diversified and her motion to dismiss Diversified's cross-appeal are denied as moot.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded for further proceedings.

Not recommended for publication in the official reports.